# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>JOSE ANGEL ROMERO-HERNANDEZ,<br><br>    Defendant. | 4:18CR3134<br><br>**ORDER** |

      This matter came before the Court on Defendant's Motion to Reconsider Detention (Filing No. 22). Steve Russell appeared on behalf the government and Mike Hansen appeared on behalf of Defendant. Defendant was present. After both parties were afforded an opportunity to present evidence and make argument, Defendant was released upon entry of the Order Setting Conditions of Release (Filing No. 28).

      In denying the government's oral motion for detention and granting Defendant's motion, the undersigned recognized that the starting point under the Bail Reform Act ("BRA") is release upon personal recognizance. 18 U.S.C. § 3142(b) (unless release will not reasonably assure appearance as required or will endanger the safety of any other person or the community). Release may be subject to a mandatory condition that Defendant will not commit a federal, state, or local crime during the period of release. 18 U.S.C. § 3142(b), (c)(1)(A). The government moved for detention under Section 3142(f)(2) on the basis of both flight risk and danger to the community. As to flight, the government bears the burden by a standard of preponderance of the evidence. *United States v. Ortega*, 760 F.2d 887 (8th Cir. 1985). And as to danger, by clear and convincing evidence. 18 U.S.C. §3142(f).

      The undersigned took into consideration the following factors under Section 3142(g):

(1) Nature and circumstances of offense charged;

(2) Weight of the evidence against Defendant;

(3) History and characteristics of Defendant, including:

    a. Character

    b. Physical and mental condition

    c. Family ties

d. Employment
   e. Financial resources
   f. Residence/length in community
   g. Community ties
   h. Past conduct
   i. Drug/alcohol abuse history
   j. Criminal history
   k. Record of appearance (probation, parole, release); and

(4) Nature and seriousness of danger posed to another person or the community.

In so doing, the undersigned relied upon the information set forth in the reports prepared by Pretrial Services (Filing Nos. 13, 24) and the testimony of the proposed third-party custodian. Defendant is married and has three children all residing in the marital home. Defendant has supported his family and been a good neighbor. Defendant has no criminal history or issues with mental health or substance abuse. Thus, the government made no sufficient showing as to danger to another person or the community.

Defendant does not possess a passport. The third-party custodian testified that he would cover Defendant's rent and related expenses, if necessary. Therefore, given the totality of the record before the court, the government also failed to meet its burden by the preponderance of the evidence that there are no conditions of release that will assure Defendant's appearance for future proceedings. Defendant's family ties to Nebraska and the availability of a third-party custodian outweigh the factors argued by the government in favor of its motion for detention, including ties to Mexico and inability to obtain gainful employment.

Dated this 22nd day of October, 2018.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge